## KALLSEN v. WILSON et al.

**Nuisance:** PRIVATE ACTION BASED ON ORDER OF BOARD OF HEALTH. The board of health of a city declared a school privy to be a nuisance, and ordered its removal. Plaintiff, in an action of *mandamus* against the school directors to compel them to remove it, alleged the action of the board of health, and averred that the privy was just across the street from his residence, and was unsightly, and that he had been damaged by the refusal of defendants to remove it. *Held* that the finding and order of the board of health was not conclusive as between plaintiff and defendants, and that the petition was insufficient, in the absence of allegations showing that the privy was in fact a nuisance, and that plaintiff was damaged by the refusal of defendants to rebate it.

*Appeal from Benton District Court.*—HON. G. M. GILCHRIST, Judge.

FILED, MAY 22, 1890.

THIS is a proceeding for a *mandamus*. The petition was dismissed upon a judgment sustaining a demurrer thereto. Plaintiff appeals.

*Tom H. Milner*, for appellant.

*J. J. Mosnat*, for appellee.

BECK, J.—I. The petition alleges that the defendants constitute the school board of the independent district of Belle Plaine, which maintains a large privy for the use of the school on or near public streets of the city, and just across the street from plaintiff's residence, and in plain view thereof; that the city council, as a board of health, declared the privy to be a nuisance, and dangerous to the health, and ordered its removal. Plaintiff alleges that the privy is "unsightly," and that he has sustained injury, resulting in damage, by reason of the refusal of defendants to remove it. He does not allege that it is a nuisance in fact, nor

point out the cause or source of injury sustained by him on account of the failure of defendants to remove the privy.

II.    Surely the order of the city council as the board of health, declaring the structure a nuisance and dangerous to public health, is not conclusive, as between plaintiff and defendant, and bestows upon him no rights which he may enforce by action against defendant, without establishing such right by proof showing the privy to be a nuisance, working injury to plaintiff or his property.    It must be remembered that neither the city board of health nor the school district is attempting to enforce the order of the board of health based upon its adjudication that the structure is "dangerous to public health;" nor does plaintiff in this case for the public seek to enforce the order of the board of health, for the protection of the public health, but, as we understand the abstract, he seeks to enforce the order on the ground that the objectionable structure is "unsightly," and situated "just across the street" from his own residence.    The grounds upon which plaintiff seeks to enforce the order are not for the protection of the public, but for the protection of his personal rights, and the recovery of damages for their violation.    The board of health was not created by statute to protect and enforce private rights, and to provide a remedy to recover damages for the deprivation of such rights. Their orders are to be made and enforced for the protection of the public health.   Plaintiff mistakenly sought to enforce a remedy for an individual injury by this proceeding in *mandamus* to require obedience to the order of the board of health. , The district court rightly sustained the demurrer to plaintiff's petition.

AFFIRMED.